IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARBARA THOMAS, individually and on behalf of all other persons similarly situated,<br><br>*Plaintiff*,<br><br>VS.<br><br>FINANCIAL CORPORATION OF AMERICA,<br><br>*Defendant* | CIVIL ACTION NO.<br><br>3:19-CV-0152-E |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter having come before the Court on Plaintiffs' Motion for and Memorandum in Support of Award of Attorneys' Fees, Expenses, and Incentive Award and Motion for and Memorandum in Support of Final Approval of Class Action Settlement (the "Motion for Final Approval") of a proposed class action settlement of the above-captioned matter (the "Action") between Plaintiff Barbara Thomas and Defendant Financial Corporation of America (hereinafter referred to as "FCOA") as set forth in the Stipulation of Class Action Settlement between Plaintiff and Defendant (the "Settlement" or "Settlement Agreement"), and the Court having been advised in the premises, having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on July 13, 2020, finds that:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

1

3. On May 6, 2020, this Court preliminarily approved the Settlement, and certified, for settlement purposes, the Injunctive Settlement Class consisting of individual persons within the United States (1) to whom FCOA placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Defendant's calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from January 18, 2015 through May 6, 2020 (i.e. the Class Period).

4. Notice has been provided in accordance with the Court's Order granting Preliminary Approval, and the substance of and dissemination program for the Notice, which included publication notice, an online media campaign, and the creation of the Settlement Website, constituted the best notice practicable under the circumstances; constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class of the pendency of the Action and their rights to object to this Settlement Agreement and to appear at the Final Approval Hearing; was reasonable and provided due and sufficient notice to all persons entitled to notice of the settlement; and fully complied with the requirements of Fed. R. Civ. P. 23 and due process.

5. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, was reached with the assistance of mediator John Shipp, and is supported by Plaintiffs and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class purposes of entering into and implementing the Settlement Agreement.

6. The Settlement Agreement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

7. The Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Release set forth in the Settlement Agreement. The Court finds that the injunctive relief provided is reasonable considering the facts and circumstances of the claims and affirmative defenses available in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT**:

8. The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. All members of the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

9. The Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. Defendant shall pay the Fee Award and incentive award, pursuant to and in the manner provided by the terms of the Settlement Agreement.

10. Other than as set forth in the Settlement Agreement and this order, the Parties shall bear their own costs and attorneys' fees.

11. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Action on the merits and with prejudice as to the named plaintiff, and without prejudice as to the Settlement Class.

12. The Parties and Settlement Class are bound by the terms and conditions of the Settlement Agreement.

## Injunction

13. On or before the Effective Date, and continuing for a period of no less than two (2) years after the Effective Date, or until there are such changes in the law related to the below

practices that occur after the Effective Date, and as more fully set forth in the Stipulated Injunction, FCOA shall:

> A. Update and improve its processes and procedures concerning compliance with the TCPA. Such policies and procedures shall include implementation of a scrub of phone numbers placed by clients or otherwise obtained to determine whether the number is a cell phone.
>
> B. If a scrub determines a phone number is a cell phone, FCOA will not put it on its dialing equipment unless it has a good faith basis to believe there is consent to call the number or the law otherwise permits such calls.
>
> C. FCOA shall revise its written TCPA processes, procedures, and training materials.
>
> D. FCOA will implement regular training for its employees concerning its TCPA processes and procedures.
>
> E. FCOA shall use its best efforts to ensure that all existing and newly hired FCOA debt collectors execute an acknowledgement confirming their understanding FCOA's policies and procedures regarding the TCPA.

### Release of Claims

14.    Upon the Effective Date, and in consideration of the Settlement relief described herein and in the Settlement Agreement, the Plaintiff and Class Members, and each of them, shall be deemed to have released, and by operation of this Final Judgment shall have, fully, finally, and forever, released, relinquished and discharged any claim to injunctive relief, including Unknown Claims, against the Released Parties related to the alleged receipt of telephone calls made by or for FCOA on their cellular telephones in violation of the TCPA from January 18, 2015 through and including May 6, 2020. The Class Members' individual damages claims of any type related to

the alleged receipt of telephone calls made by or for FCOA on their cellular telephones January 18, 2015 through and including May 6, 2020, are expressly preserved; however, the Injunctive Settlement Class shall be deemed to have waived the opportunity to participate in any class or representative proceeding related to claims that they allegedly received telephone calls made by or for FCOA on their cellular telephones January 18, 2015 through and including May 6, 2020 in violation of the TCPA.

15. Upon the Effective Date, and in consideration of the Settlement relief described herein, the Plaintiff shall be deemed to have released, and by operation of the Final Judgment shall have, fully, finally, and forever, released, relinquished and discharged all Released Claims against the Released Parties.

16. Upon the Effective Date, the above release of claims and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members, Releasing Parties, and their heirs, executors, administrators, successors, and assigns that involve the Released Claims.

17. The Parties may, without further approval from the Court, agree to and adopt amendments, modifications and expansions of the Settlement and its implementing documents that shall be consistent in all material respects with this Final Judgment and do not limit the rights of the Settlement Class Members.

18. The Court awards to Class Counsel $587,500.00 as the Fee Award, which shall include all attorneys' fees and reimbursable expenses associated with the Action.

19. The Court awards to the named plaintiff Barbara Thomas an incentive award of $3,500.00 for her time and effort serving the Settlement Class Members in this Action.

20. The certification of the Settlement Class Members shall be binding only with respect to the settlement of the Actions. In the event that the Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other court, any Final Judgment or other order, including but not limited to certifying any class for settlement purposes, entered by the Court in accordance with the terms of the Agreement shall be deemed vacated, *nunc pro tunc,* and the Parties and the Injunctive Settlement Class and Damages Settlement Subclass Members shall be returned to the *status quo ante* with respect to the Action as if they had never entered into the Settlement Agreement.

21. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment, and for any other necessary purpose.

22. On account of the timing element set forth by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(d), this Order, including paragraphs 1-21, shall become effective September 28, 2020, unless otherwise ordered by this Court.  Should either party receive an objection from an Attorney General on or before September 28, 2020, such party is ordered to notify this Court within 5 business days.

IT IS SO ORDERED this 13th day of July, 2020.

                                                Ada Brown
                                                UNITED STATES DISTRICT JUDGE